# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**TYRONE L. SMITH,**

      **Plaintiff,**

**v.**                                **Case No. 3:14cv39/LC/CJK**

**LIEUTENANT BERCH, et al.,**

      **Defendants.**

_____/

## ORDER and
## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (doc. 1), and motion to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissing this action, leave to proceed *in forma pauperis* will be granted. Upon review of plaintiff's complaint, the court concludes that this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 1). Plaintiff's complaint names as defendants several prison officials at Santa Rosa CI, claiming they violated plaintiff's constitutional rights under the Eighth and Fourteenth Amendments in various ways, including depriving him of his personal

property, using excessive force on him, convicting him of disciplinary infractions without sufficient evidence, depriving him of meals, etc. (*Id.*, pp. 5-11). As relief, plaintiff seeks compensatory damages, a change in his classification, and transfer to Columbia Correctional Institution. (*Id.*, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint was signed and submitted to prison officials for mailing on January 25, 2014. (Doc. 1, p. 7). On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1, p. 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No." (*Id.*). The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary. Plaintiff disclosed no cases.

---

[1]Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to both questions, and disclosed no cases. (Doc. 1, p. 3).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (Doc. 1, p. 7). Thus, plaintiff has in effect stated that at the time he filed his complaint, he had not initiated any other civil actions in federal court concerning the fact or manner of his incarceration or the conditions of his confinement.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the Court's jurisdiction. Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The clerk of court has advised and the court may take judicial notice, that at the time plaintiff filed his complaint in this case, plaintiff had initiated several other civil actions in federal court that required disclosure:

_____

[2]Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*Smith v. FNU Korey*, Case Number 3:13cv1480, a civil rights action plaintiff filed in the United States District Court for the Middle District of Florida on November 26, 2013, challenging the conditions of his confinement at Union Correctional Institution. The case is still pending.

*Smith v. Sergeant Richards*, Case Number 6:14cv25, a civil rights action plaintiff filed in the Middle District on December 30, 2013, challenging the conditions of his confinement at Tomoka Correctional Institution. The case is still pending.

*Smith v. Sec'y, Fla. Dep't of Corr.*, Case Number 3:07cv1118, a habeas corpus petition plaintiff filed in the Middle District challenging the fact of his incarceration on grounds of ineffective assistance of trial counsel and trial court error. The petition was denied on the merits and the case dismissed with prejudice on February 16, 2010.

*Smith v. Sec'y, Dep't of Corr.*, Case Number 3:13cv1332, a habeas corpus petition plaintiff filed in the Middle District challenging the fact of his incarceration on various grounds. The petition was dismissed without prejudice on November 6, 2013.

*Smith v. Sec'y, Dep't of Corr.*, Case Number 3:13cv1505, a habeas corpus petition plaintiff filed in the Middle District challenging the fact of his incarceration on grounds of ineffective assistance of trial counsel, trial court error and newly discovered evidence. The petition was dismissed without prejudice on January 2, 2014.

All of the foregoing cases may be positively identified as having been filed by plaintiff, because they bear his Florida Department of Corrections' inmate number, DC #J00082.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The

court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required.   The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 1, p. 3).  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished.  An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 3rd day of February, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).